UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEWIS FULBRIGHT,
        Petitioner,

v.                                                   Case No. 08C0630

JOHN HUSZ,[1] Warden,
Milwaukee Secure Detention Facility,
        Respondent.

## ORDER

Petitioner Lewis Fulbright filed this petition pursuant to 28 U.S.C. § 2254, asserting that a state court judge's modification of his sentence violates the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of burglary, fleeing from an officer causing death, and driving without a license. He was sentenced to twelve years imprisonment and is currently incarcerated at the Milwaukee Secure Detention Facility.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] Pursuant to Rule 2 of the Rules Governing § 2254 Cases, I have amended the caption of this case to name as respondent the state officer who has custody of the petitioner.

Although the petition is unclear, it appears that petitioner is claiming that he was unlawfully deprived of six months of good-time credit. Prisoners have a liberty interest in their good-time credit protected by the Due Process Clause. Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Thomas v. McCaughtry, 201 F.3d 995, 999 n.4 (7th Cir. 2000). Thus, petitioner has set forth colorable constitutional issues and I will not dismiss his petition at this time.

Petitioner also requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. However, subsequent to that request, he paid the $5 filing fee. Thus, his request is moot and I will deny it as such.

**THEREFORE, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Pamela Wallace and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 14 day of January, 2009.

/s
LYNN ADELMAN
District Judge

3